IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| GOOSE CREEK PHYSICAL MEDICINE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:22-cv-03932-DCN |
| vs. | ) ) ) | **ORDER** |
| XAVIER BECERRA, *in his official capacity as* *Secretary, United States Department of Health and Human Services*, | ) ) ) ) | |
| Defendant. | ) ) ) | |

The following matter is before the court on defendant Xavier Becerra's (the "Secretary" or "Secretary Becerra") motion to stay resolution of plaintiff Goose Creek Physical Medicine, LLC's ("GCPM") motion for summary judgment, ECF No. 52, and the Secretary's own motion for summary judgment, ECF No. 55. ECF No. 69. For the reasons set forth below, the court denies the motion to stay.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court does this by "weigh[ing] competing interests and maintain[ing] an even balance." Id. at 254–55. In striking this balance, courts look to factors such as the length of the requested stay, the hardship that the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation. See Donnelly v. Branch Banking &

1

Tr. Co., 971 F. Supp. 2d 495, 501–02 (D. Md. 2013). "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997).

The Secretary requests that the court hold in abeyance the pending motions for summary judgment, ECF Nos. 52; 55, pending resolution of the Secretary's forthcoming motion to reconsider the court's order granting GCPM's motion for sanctions, ECF No. 66. ECF No. 69 at 1. He also requests the court continue the August 15, 2024, hearing on the motions for summary judgment, presumably pending the court's receipt and/or resolution of the forthcoming motion for reconsideration. See id.

Motions for reconsideration are disfavored and should be granted sparingly. Wooten v. Virginia, 168 F. Supp. 3d 890, 893 (E.D. Va. 2016). Critically, reconsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial "second bite at the apple" to a dissatisfied litigant. Id. Stated differently, "a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." United States v. Duke Energy Corp., 218 F.R.D. 468, 474 (M.D.N.C. 2003).

The court observes that the Secretary has neither established a timeline of the requested stay nor has he forecasted the new evidence or change in law or clear error in law that would underly his forthcoming motion for reconsideration.[1] See generally ECF

---

[1] The court presumes that the Secretary intends to file a motion for reconsideration pursuant to Rule 59(e), which must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v.

No. 69.  Denial of the stay would not leave the Secretary without remedy: he may still timely file a motion for reconsideration and he can likewise appeal the court's decision after final judgment in this case.  The instant dispute has been pending for over a decade, and additional delay would likely prejudice both parties.

    For the reasons set forth above, the court **DENIES** the motion to stay.  However, the court reschedules the hearing on the motions for summary judgment from August 15, 2024, to August 20, 2024.

    **AND IT IS SO ORDERED.**

                                          DAVID C. NORTON
                                          UNITED STATES DISTRICT JUDGE

**August 12, 2024**
**Charleston, South Carolina**

---

Staton, 994 F.2d 1076 (4th Cir. 1993)).  To qualify for reconsideration under the third exception, an order cannot merely be "maybe or probably" wrong; it must be "dead wrong," so as to strike the court "with the force of a five-week-old, unrefrigerated dead fish."  TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., 1995 WL 520978, at *5 n.6 (4th Cir. 1995) (unpublished)).