IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| GOOSE CREEK PHYSICAL MEDICINE, LLC, ) ) ) Plaintiff, ) ) vs. ) ) ROBERT F. KENNEDY, Jr., *in his official capacity as Secretary, United States Department of Health and Human Services*, ) ) ) ) ) Defendant. ) _____ ) | No. 2:22-cv-03932-DCN **ORDER** |

This matter is before the court on defendant Robert F. Kennedy, Jr.'s (the "Secretary" or "Secretary Kennedy") motion to stay, ECF No. 108. For the following reasons, the court grants the motion.

**I.  BACKGROUND**

Both the parties and the court are familiar with the lengthy factual and procedural history of this case, which the court has recited in several previous orders. The court therefore provides only a brief summary here for purposes of aiding an understanding of its consideration of the Secretary's motion to stay.

Plaintiff Goose Creek Physical Medicine, LLC ("GCPM") is a South Carolina limited liability company and a former for-profit provider of physical medicine services, including chiropractic services, which was enrolled as a provider in the Medicare program.[1] In short, GCPM alleges that, in October 2013, one of the Centers for Medicare

---

[1] As of September 2017, GCPM's clinic ceased operations. However, GCPM's limited liability company remains in existence and is in good standing with the state of South Carolina.

1

and Medicaid Services's ("CMS") contractors opened an investigation into claims submitted by GCPM on behalf of Medicare beneficiaries. Following an audit, another CMS contractor formally issued GCPM a demand for repayment in November 2014. Over the next several years, GCPM navigated numerous levels of administrative review.

On August 19, 2022, GCPM filed its complaint against the Secretary[2] in the United States District Court for the District of Columbia. ECF No. 1. On October 19, 2022, that court transferred the action to the United States District Court for the District of South Carolina by consent of the parties. ECF No. 11. In its operative amended complaint, which GCPM later filed with leave of the court on March 24, 2023, GCPM asserts five causes of action, which allege multiple violations of GCPM's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as violations of the Social Security Act, 42 U.S.C. § 1395 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq. ECF No. 24, Amend. Compl.

The parties filed cross motions for summary judgment on May 17, 2024. ECF Nos. 52 (GCPM's motion); 55 (the Secretary's motion). On June 6, 2024, GCPM responded in opposition to the Secretary's motion, ECF No. 56, and the Secretary responded in opposition to GCPM's motion the following day on June 7, 2024, ECF No. 58. The Secretary then replied to GCPM's response on June 13, 2024, and GCPM replied to the Secretary's response on June 14, 2024, ECF No. 61. On July 12, 2024,

---

[2] When GCPM originally filed this action, Xavier Becerra was Secretary of Health and Human Services. Secretary Kennedy was sworn in as the new Secretary of Health and Human Services on February 13, 2025, and the court substituted him as the defendant in this case on March 6, 2025. ECF No. 95 at 2 n.1.

2

GCPM filed a notice of supplemental authority to alert the court of the United States Supreme Court's decision in Loper Bright Enterprises v. Relentless, 603 U.S. 369 (2024). ECF No. 63. The Secretary replied to GCPM's notice of supplemental authority on August 5, 2024. ECF No. 67.

During an August 27, 2024 hearing on a different motion,[3] the court noted that, after reviewing their initial briefing, supplemental briefing would likely be necessary before the court considered the cross-motions for summary judgment, so that the parties could clarify their positions on certain key issues. See ECF No. 78. The court then followed up via email with specific questions for each party to brief. Thus, GCPM filed its supplemental briefing on September 19, 2024, ECF No. 80, and the Secretary filed his supplemental briefing on September 20, 2024, ECF No. 81. On October 4, 2024, the Secretary responded to GCPM's supplement, ECF No. 82, and GCPM responded to the Secretary's supplement, ECF No. 84. The Secretary then replied to GCPM's supplemental response on October 11, 2024. ECF No. 85. On February 27, 2025, GCPM filed, with leave of the court, demonstrative exhibits in support of its motion for summary judgment. ECF No. 93. On April 1, 2025, the court held a hearing on the cross motions for summary judgment. ECF Nos. 100; 102 (Hearing Transcript). During the hearing, the court invited the parties to file proposed orders resolving the motions for summary judgment. ECF No. 102 at 40:18–41:17. Accordingly, the parties filed their respective proposed orders on May 16, 2025. ECF Nos. 105; 107.

---

[3] The hearing was on the Secretary's motion for reconsideration of the court's decision to sanction him related to unproduced documents. ECF No. 78.

The Secretary moved to stay further proceedings on May 23, 2025. ECF No. 108. GCPM responded in opposition to the Secretary's motion to stay on June 5, 2025. ECF No. 109. As such, the motion to stay is now fully briefed and ripe for the court's review.

## II.  STANDARD

"A court has the power to stay proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Doe v. Bayer Corp., 367 F. Supp. 2d 904, 914 (M.D.N.C. 2005) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In exercising its authority to grant a discretionary stay, the court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254, 255 (internal quotation marks omitted). Furthermore, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983). Courts commonly consider three factors in determining whether to grant a stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." White v. Ally Fin. Inc. 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013) (citation omitted); accord Impulse Monitoring, Inc. v. Aetna Health, Inc., 2014 WL 4748598, at *1 (D.S.C. Sept. 23, 2014). In other words, the proponent of a stay "bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255).

## III.  DISCUSSION

In his motion to stay, the Secretary focuses on two similar cases, which are currently pending on appeal in the Ninth and Eleventh Circuits. ECF No. 108.

The court looks first at <u>MedEnvios Healthcare, Inc. v. Becerra</u>, 725 F. Supp. 3d 1343 (S.D. Fla. 2024) (No. 23-20068-Civ-Scola), <u>appeal filed</u>, No. 25-11022 (11th Cir. Mar. 31, 2025).  Much like GCPM, MedEnvios Healthcare, Inc. ("MedEnvios") sought judicial review of CMS's contractor's determinations that MedEnvios had been overpaid through the Medicare program.  See <u>MedEnvios</u>, 725 F. Supp. 3d at 1346.  MedEnvios asserted violations of its procedural due process rights in two ways:

> First, according to MedEnvios, the [Secretary] improperly excluded 'zero-paid' claims from the statistical sampling and extrapolation process when evaluating whether and to what extent [HHS] overpaid MedEnvios. Second, MedEnvios claim[ed] that [HHS] and its contractors' failure to provide certain evidence supporting the recalculated overpayment amounts violated MedEnvios's procedural due process rights.

<u>Id.</u>  Like in the case at bar, the parties in <u>MedEnvios</u> made cross-motions for summary judgment.  725 F. Supp. 3d 1343.  On March 25, 2024, the District Court for the Southern District of Florida granted in part and denied in part both MedEnvios's and the Secretary's respective motions.  <u>Id.</u>  On March 31, 2025, MedEnvios appealed the district court's decision to the Eleventh Circuit.

In filing its appeal, MedEnvios filed a Civil Appeal Statement, in which it indicated that "[b]ecause of the number of pending cases in federal courts throughout the nation, there is a potential for circuit conflicts."  Doc. 12-1 at 2, <u>MedEnvios</u>, No. 25-10870.  MedEnvios explained that, among the cases pending in other federal courts, its appeal "is the first such case to reach the circuit level."  <u>Id.</u>  Tellingly, MedEnvios listed the case at bar as one of roughly a dozen pending cases from across the country presenting similar issues.  Doc. 12-2 at 1, <u>MedEnvios</u>, No. 25-10870.

This court agrees with MedEnvios that these two cases are similar and involve overlapping questions of law.  Much like MedEnvios, GCPM's procedural due process

claims in this case are predicated, in part, on the exclusion of "zero-paid" claims in the statistical sample used in the CMS auditing process and on CMS's contractors' alleged inability to provide documentation to support its recalculated overpayment amounts. See Amend. Compl. ¶¶ 267–80. Indeed, the two cases are so similar that GCPM devotes multiple pages of its proposed order on its motion for summary judgment discussing the district court's decision in MedEnvios.[4] ECF No. 105 at 37–39.

---

[4] Moreover, in the same Civil Appeal Statement discussed above, MedEnvios attached the following list of potential proposed issues to be raised on appeal:

1. Whether legal issues arising from a judicial review of a final agency decision are to be reviewed de novo pursuant to the Administrative Procedure Act (5 U.S.C. § 706) ("APA") and 42 U.S.C. § 405(g)?

2. Whether MedEnvios has a protected property interest in Medicare reimbursements for services rendered to Medicare beneficiaries?

3. Whether under Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024), the best interpretation of 42 U.S.C. 1395ddd(h) is that all CMS audit contractors must review both overpayments and underpayments, to include adjudicated claims issued a payment of $0 (i.e. "zero-paid claims"), in conducting their statical sampling and extrapolation?

4. Whether CMS' exclusion of zero-paid claims from the statistical sampling and extrapolations is a violation of MedEnvios' right to due process under the Fifth Amendment to the U.S. Constitution and the APA and is a basis for invalidating the extrapolated overpayments?

5. Whether CMS' failure to preserve and produce the Target Universe of claims in its statistical sampling extrapolations is a violation of MedEnvios' right to due process under the Fifth Amendment to the U.S. Constitution and is a basis for invalidating the extrapolated overpayments?

6. Whether CMS' failure to timely provide sufficient documentation to support the recalculated extrapolated overpayment amounts is a violation of MedEnvios' right to due process under the Fifth

Turning to the pending Ninth Circuit appeal, the District Court for the Eastern District of California recently faced cross-motions for summary judgment in another strikingly similar action for judicial review of Medicare overpayment audits in <u>Ashli Healthcare, Inc. v. Kennedy</u>, No. 1:23-cv-1443 (E.D. Cal. April 16, 2025), <u>appeal filed</u>, No. 25-3168 (9th Cir. May 16, 2025).  Like the plaintiffs in both <u>MedEnvios</u> and the case at bar, the plaintiff in <u>Ashli Healthcare</u> asserted violations of its procedural due process rights based on the exclusion of "zero-paid" claims from the auditing process and the Secretary's alleged inability to provide documentary support for recalculated overpayment amounts.  <u>See</u> <u>Ashli Healthcare</u>, 2025 WL 1125127, at *8–12.  Indeed, the plaintiff's causes of action in <u>Ashli Healthcare</u> appear to be virtually identical to those asserted by GCPM.  <u>Compare</u> <u>id.</u>, <u>with</u> Amend. Compl. ¶¶ 257–92.

It is true that neither the Eleventh Circuit's eventual decision in <u>MedEnvios</u> nor the Ninth Circuit's eventual decision in <u>Ashli Healthcare</u> will be binding precedent on this court.  It is also true, as GCPM points out, that in <u>Landis</u>, the Supreme Court cautioned that "[o]nly in rare circumstances will a litigant in one cause be compelled to

---

      Amendment to the U.S. Constitution and is a basis for invalidating the extrapolated overpayments?

7. Whether CMS' failure to timely provide an accurate and complete accounting of payments made by MedEnvios is a violation of MedEnvios' right to due process under the Fifth Amendment to the U.S. Constitution and is a basis for invalidating the extrapolated overpayments?

8. Any additional issues as warranted by the government's opening brief.

Doc. 12-3 at 1, <u>MedEnvios</u>, No. 25-10870.  Most, if not all, of these issues are relevant to the parties' motions for summary judgment and their supplements to those motions in the case at bar.  <u>See generally, e.g.</u>, ECF Nos. 52; 55; 63.

stand aside while a litigant in another settles the rule of law that will define the rights of both." 299 U.S. at 255. Still, in that same case, the court went on to explain that

> [e]specially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted. In these . . . cases great issues are involved, great in their complexity, great in their significance. . . . On the law there will be novel problems of far-reaching importance to the parties and the public. . . . True, a decision in the cause then pending in [one district court] may not settle every question of fact and law in suits by other companies [in other district courts], but in all likelihood it will settle many and simplify them all.

Id. at 256. The same is true here. As explained above, the case at bar is almost identical in fact to the cases pending in the Ninth and Eleventh Circuits and all three cases involve many overlapping, novel, and complicated questions of constitutional law, the proper disposition of which is important for both the parties and the public. While neither of the upcoming decisions from either the Ninth or Eleventh Circuits will settle all of the issues in this case, these decisions will certainly clarify many issues.

As such, the court finds that judicial economy strongly weighs in favor of staying the case at bar. Likewise, the second Landis factor—hardship to the Secretary if the case is not stayed—similarly weighs in favor of granting the stay for the same reason. Finally, even if GCPM will face some prejudice if the stay is granted, such is outweighed by the significant degree to which the other factors weigh in favor of granting the stay. Thus, the court finds it appropriate to stay this case until either the Eleventh Circuit issues its decision in MedEnvios or the Ninth Circuit issues its decision in Ashli Healthcare.

### IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the Secretary's motion to stay.  This case is hereby **STAYED** until either the Eleventh Circuit issues its decision in <u>MedEnvios</u>, No. No. 25-10870, or the Ninth Circuit issues its decision in <u>Ashli Healthcare</u>, No. 25-3168, whichever is first.  Once the first of these decisions is available, the parties are **ORDERED** to notify the court.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 24, 2025**
**Charleston, South Carolina**